UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHARLES B. MONTGOMERY** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO.** |
| | * | |
| **THE PAUL REVERE LIFE INSURANCE COMPANY** | * | **SECTION:** |
| | * | |
| | * | **JUDGE:** |
| | * | |
| | * | **MAGISTRATE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:**

NOW COMES Charles B. Montgomery, through undersigned counsel, and files this complaint for damages against defendant, The Paul Revere Life Insurance Company, and represents as follows:

1.

Plaintiff, Charles B. Montgomery, is a full-age resident of Waveland, Mississippi.

2.

Named defendant herein is The Paul Revere Life Insurance Company (hereinafter "Paul Revere"), a corporation authorized to do and doing business within this state and within the jurisdiction of this Court.

3.

Jurisdiction is based upon a federal question, 29 U.S.C.A. § 1132.

4.

Through his employer, HMS Architects, APC, Mr. Montgomery received benefits, including a disability insurance policy issued by The Paul Revere Life Insurance Company, Policy Number 96692 (hereinafter "the Policy"). This plan is governed by ERISA, 29 U.S.C.A. 1001, *et seq.*

5.

The Policy is attached hereto as Exhibit A to this complaint and made a part hereof.

6.

Paul Revere or its successor both administer benefits under the plan and pay benefits due under the plan.

7.

Charles B. Montgomery has been diagnosed with Alzheimer's disease, and, as a result, is disabled from employment.

8.

In due course, he made a claim for disability benefits. Paul Revere or its successor determined that Mr. Montgomery was disabled and entitled to benefits due under the Policy.

9.

Pursuant to the terms of the Policy, Mr. Montgomery is entitled to receive benefits in the amount of $5,000 per month for thirty (30) months.

10.

Defendant ultimately agreed to pay the benefit of $5,000.

11.

Pursuant to the terms of the policy, Mr. Montgomery's monthly social security disability benefits were correctly deducted from is disability benefit.

12.

On April, 27, 2017, Mr. Montgomery turned 66, his full retirement age under social security.

13.

As a matter of law, Mr. Montgomery's social security disability benefit was converted to a social security retirement benefit as of May 2017.

14.

Plaintiff believes and, therefore, avers, that the Policy does not provide for the deduction of social security "retirement benefits" from the disability benefits owed under the Policy.

15.

Defendant contends that social security retirement benefits are to be deducted and has deducted this amount from Mr. Montgomery's disability benefits beginning May 2017.

16.

Plaintiff has exhausted his appeals pursuant to the terms of the Policy.

17.

Plaintiff files this suit seeking *de novo* review of defendant's interpretation of the Policy, because the Policy does not give the administrator the <u>discretion</u> to interpret the Policy's terms.

18.

Should the Court determine that defendant's decision should be reviewed for abuse of discretion, Plaintiff avers that the defendant has a conflict of interest affecting its fiduciary duty

to the Plaintiff and asks the Court to weigh this conflict in considering the defendant's exercise of its discretion.

19.

Plaintiff now seeks a determination that social security retirement benefits should not be deducted from the disability benefits due under the Policy, and that Mr. Montgomery is owed all benefits due and unpaid from May 2017 to the present, plus interest from date of judicial demand, attorney's fees, all applicable legal penalties, and all costs of these proceedings.

WHEREFORE, plaintiff, Charles B. Montgomery, asks that this complaint be filed and that the defendant, The Paul Revere Life Insurance Company, be cited to appear and answer same and that after all legal delays and due proceedings are had that there be judgment herein in favor of plaintiff and against The Paul Revere Life Insurance Company for all disability benefits due and unpaid from May 2017 to the present, plus interest from date of judicial demand, attorney's fees, all applicable legal penalties, and all costs of these proceedings.

Respectfully submitted,

*/s/Lawrence S. Kullman*
Lawrence S. Kullman (LSB No. 07884)
David A. Abramson (LSB No. 21435)
LEWIS, KULLMAN, STERBCOW & ABRAMSON, LLC
601 Poydras Street, Suite 2615
New Orleans, Louisiana  70130
Telephone: (504) 588-1500
Fax: (504) 588-1514
Email: larrykul@lksalaw.com
Email: abramson@lksalaw.com

**PLEASE SERVE:**
The Paul Revere Life Insurance Company
Through its registered agent:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana